**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **FRED ROAN** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **7:07-CV-191(HL)** |
| **ANDERSON TRUCKING SERVICE,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

# ORDER

Before the Court is Plaintiff's Motion for Leave of Court to Dismiss Complaint (Doc. 4). On November 2, 2007, Plaintiff filed a Complaint (Doc. 1) against Defendant in case number 7:07-cv-185. Several days later this Court issued an Order directing Plaintiff to file an amended complaint because Plaintiff had failed to properly plead diversity jurisdiction. Specifically, Plaintiff pleaded his residency rather than citizenship, and he did not plead the principal place of business of Defendant. Plaintiff also failed to make any allegation as to the amount in controversy. In the Order this Court specifically told Plaintiff how to properly plead jurisdiction. Nevertheless, Plaintiff filed an Amended Complaint on November 30, 2007, that contained the same jurisdictional infirmities as Plaintiff's original Complaint. Based on Plaintiff's failure to complete the simple task of pleading diversity jurisdiction, this Court dismissed Plaintiff's Complaint without prejudice on December 3, 2007.

1

On December 5, 2007, Plaintiff filed a Complaint in this case. This Complaint was identical to the Complaint in 7:07-cv-185, except this time Plaintiff managed to properly plead jurisdiction. But after finally learning the intricacies of federal diversity jurisdiction and gaining entry into a federal forum, Plaintiff filed a Motion for Leave of Court to Dismiss its Complaint on December 20, 2007. Plaintiff filed his Motion to Dismiss before Defendant filed an Answer. Had Plaintiff read the Federal Rules of Civil Procedure, he would have known that a plaintiff does not need leave of court to dismiss a complaint if the plaintiff files a notice of dismissal before the defendant files an answer or a motion for summary judgment. See FED. R. CIV. P. 41(a)(1)(A). In addition, Plaintiff improperly filed his Motion to Dismiss because Plaintiff's Motion did not contain the address and telephone number of Plaintiff's attorneys as required by Rule 11. As a result, the Clerk of Court filed a Notice of Error (Doc. 6) explaining the error and asking Plaintiff to refile the document. On December 27, 2007, Defendant filed its Answer (Doc. 7). At that time, Plaintiff had still not refiled his Motion.

In late December 2007 or early January 2008, this Court telephoned one of Plaintiff's attorneys and explained that Plaintiff needed to refile his Motion to Dismiss because it was improperly filed. Because Defendant had since filed an Answer to Plaintiff's Complaint, Plaintiff's attorney was instructed that he could dismiss his action by either court order or by a stipulation of dismissal signed by all parties who had appeared. To this date, Plaintiff has not refiled his Motion to Dismiss or filed a stipulation of dismissal.

In spite of the fact that Plaintiff's Motion to Dismiss is technically improper because it does not comply with Rule 11, this Court will still rule on it. Plaintiff's failure to properly

plead jurisdiction and comply with various Federal Rules of Civil Procedure has already

needlessly wasted the time and resources of this Court.  As a result, Plaintiff's Motion for

Leave of Court to Dismiss Complaint is granted.

**SO ORDERED**, this the 7th day of April, 2008.

_s/   Hugh Lawson_____
**HUGH LAWSON, Judge**

dhc